## AMERICAN TRANSP. CO. v. SWIFT & CO.
## SAME v. ARMOUR & CO.

### SAME v. SULZBERGER & SONS CO.

District Court, S. D. New York.
Aug. 13, 1931.

Loomis & Ruebush, of New York City (Homer L. Loomis and Philip A. Donahue, both of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Charles R. Hickox and Clement C. Rinehart, both of New York City, of counsel), for respondents.

KNOX, District Judge.

The Commissioner, in making his report on the recoveries to which libelant is enti-

tled in this fourteen year litigation, has elaborately and learnedly discussed the present contention of the parties, and I feel that all immediately required is an expression of assent or dissent with the Commissioner's conclusions. The law, if any more is to be written upon the subject-matter here presented, should come from the appellate court.

With this thought in mind, I may state first that libelant should have interest upon its recovery, to be computed from the date on which the libels were filed. In my opinion, the fundamental basis of libelant's claims against the respondent is not to recover damages for a breach of the contract between the parties, but to recover money due to libelant under the express terms of their agreement. Had the bills of lading provided that respondents should have $500 for each day that libelant's steamers were delayed, it would be obvious that the suits were brought for a sum due under that provision, and interest would attach to libelant's recovery. A different principle should not here be applied because of the circumstance that the amount of recovery, instead of being specifically stated, must be computed from factual elements. That great delay has occurred in the years that are gone in bringing these suits before the court for final disposition admits of no doubt, but the fault for all of it is not properly chargeable to libelant. And, in any event, respondents have had the use of the amount of libelant's recovery throughout a decade and more, and its use was doubtless worth the price that now must be paid.

Furthermore, I feel that libelant should be paid for the time that its vessels were delayed at Rotterdam, and which was the direct result of the conditions imposed by British officials before they would allow the vessels to proceed to the Dutch port to discharge their cargoes. The period for which such recovery will be allowed on this item is that fixed by the Commissioner in his computation of this delay.

Libelant's pleadings will be deemed amended so as to claim for this loss of time. When the right to amend the libels was previously denied by Judge Coleman, it was conditional upon the justice of the situation as might thereafter appear, and the amendment now allowed seems to me to be consonant with what he had in mind. That is to say, libelant's vessels lost time at Rotterdam that is traceable directly to the British government, and which is within the easy contemplation of the clause of the bill of lading upon which suit is brought. Under all the circumstances of the case, I think it would be unjust to disregard the delay thus occasioned merely because this feature of the time element was defectively alleged in the original libels. The necessary amendment cannot prejudice respondents. The alleged undue delay of libelant in discharging cargo at Rotterdam was set up in respondent's cross-libels, which were dismissed. I then said: "Having in mind the conditions existing at Rotterdam, and in carrying on communication with foreign countries, libelants seem to have acted with reasonable diligence and despatch." 30 F. (2d) 159, 166.

It would seem, therefore, that any question of prejudice to respondent on this score is out of the case.

I shall also allow an amendment to the respective libels so as to claim the full amounts of the additional freight due from each respondent, as found by the Commissioner, including the Rotterdam delay, as fixed by him, in the periods of detention. The 17th exception of libelant is accordingly sustained.

All other objections to the report of the Commissioner have been considered, and each of them should, in my opinion, be overruled. Such action will therefore be taken.